IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANA LOPEZ MATEO,<br><br>Petitioner,<br><br>vs.<br><br>GENE SAMUELSON, Phelps County Sheriff, et al.,<br><br>Respondents. | 8:26-CV-541<br><br>MEMORANDUM AND ORDER GRANTING WRIT OF HABEAS CORPUS |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody. Filing 1. The Court will grant the petition and order the petitioner's release.

BACKGROUND

The petitioner is a citizen of Guatemala who entered the United States near El Paso, Texas on February 22, 2019. Filing 7 at 3. She was apprehended by the Border Patrol and processed as an "Expedited Removal with Credible Fear Claim." Filing 7 at 3; filing 7-1; filing 7-2. On February 28, she was released from custody on an order of recognizance. Filing 7 at 3; filing 7-3.

On March 30, 2022, "it was determined" (by someone, the government doesn't say who) that the petitioner's "credible fear case was not presented to asylum." Filing 7 at 4. (It's not explained directly, but the Court infers this was a bureaucratic error on the government's part.) ICE Enforcement and Removal Operations "subsequently notified asylum and Petitioner was added to the pending interview list." Filing 8 at 4. The petitioner continued to check in with the ERO office in Grand Island, but according to the government, on January 26 and March 4, 2026, she failed to appear for asylum interviews. Filing 7 at

4. For her part, the denies missing any immigration court hearings, and alleges that she complied with ICE reporting requirements and appeared for her required appointments. Filing 1 at 6, 9.

On September 1, 2026, the petitioner was detained at a scheduled ICE check-in. Filing 7 at 4; filing 1 at 7. She is in the Phelps County Jail and her removal remains pending. Filing 7 at 4. She alleges that she has not been informed of the basis for her detention or given any opportunity to challenge it. Filing 1 at 6-7. She asks the Court to order her release so she can be reunited with her five-year-old daughter, who is a U.S. citizen. Filing 1 at 7.

DISCUSSION

The government's primary argument is that the petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to § 1225(b)(2)(A). *See* filing 5 at 5-7 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). But *Avila* is distinguishable, because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when she was detained. *See Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

Nor does the procedure—or more to the point, lack of procedure—by which the petitioner's release was apparently revoked comport with due process. *See Dhillon v. Mullin*, No. 8:26-CV-229, 2026 WL 1587371, at *3 (D. Neb. June 3, 2026). There is nothing in the record suggesting that any qualifying officer exercised discretion to revoke the petitioner's release. *See* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). No actual revocation proceedings are reflected in the record. There is, in fact, nothing in the record establishing who decided to detain the petitioner or why that decision was made—not even an administrative warrant, despite the Court's clear direction that the

government's answer include "[w]hether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant." Filing 3 at 2.

An arrest warrant is a statutory prerequisite to detention under § 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing § 1226(a) (providing that an alien may be arrested and detained "[o]n a warrant issued by the Attorney General")) (collecting cases). And "the government's custody of a person without regard for its own regulations is an unlawful detention indeed." *Dhillon*, 2026 WL 1587371, at *3. Furthermore, the Court finds that

> a lesser measure, like ordering a bond hearing, cannot cure the fact that the petitioner is detained while her conditional parole is still ongoing because it has not been properly terminated. To remedy that breach, she must be released and put in the same position she was in before her re-detention—i.e., on conditional parole subject to the conditions set out in the order of release on recognizance.

*Miranda-Orozco v. Mullin*, No. 8:26-CV-463, 2026 WL 2641792, at *2 (D. Neb. Sept. 8, 2026) (quoting *Sandhu v. Mullin*, No. 7:26-CV-5009, 2026 WL 1146643, at *5 (D. Neb. Apr. 28, 2026)).

Nothing in this order precludes the government from seeking to *lawfully* revoke the petitioner's release if circumstances warrant her re-detention.[1]

---

[1] The government's witness did aver that the petitioner failed to appear for asylum interviews, filing 7 at 4, and the government's evidence indicates that one of the conditions of her release was that she "report for any hearing or interview as directed by Immigration and Customs Enforcement or the Executive Office for Immigration Review," filing 7-3. But she denies missing any appointments, filing 1 at 6, and it's noteworthy that the government

> But if the government elects to pursue that outcome, it must conform itself to the promises it made and justify the change based on her individual circumstances. To comport with due process, that means the government would need to provide her with notice and a pre-deprivation hearing, in which the government bears the burden of establishing by clear and convincing evidence that she is a flight risk or danger to the community.

*Miranda-Orozco*, 2026 WL 2641792, at *2 (quoting *Sandhu*, 2026 WL 1146643, at *6). Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

---

didn't rely on her alleged noncompliance with conditions as a basis for detention. The discrepancy between the parties regarding whether the petitioner knowingly missed any scheduled appointments is precisely *why* due process demands notice and an opportunity to be heard before a person's liberty interests are curtailed—protections the petitioner clearly didn't receive here. The Court is unpersuaded that averments made to the Court weeks after the fact in response to a petition for habeas corpus suffice as even minimal due process.

But the Court also notes that the petitioner was allegedly detained *at* a scheduled check-in, and this Court has seen other instances in which aliens in compliance with the conditions of their release were nonetheless detained when they reported as required to scheduled appointments with immigration officials. It would be quite the Catch-22 if the government could unjustifiably detain people at their scheduled appointments and then, when they naturally hesitate to appear for such appointments, use that to justify detaining them anyway—and the Court is not convinced that the Due Process Clause would have nothing to say about such tactics.

2. The government shall immediately release the petitioner from custody with no new conditions, shall return any personal property seized from her when detained, and shall return her to Grand Island, Nebraska, or provide her with the means to do so.

3. If the government wishes to re-detain the petitioner pending her removal proceedings, it must provide the petitioner with sufficient notice and a hearing before an immigration judge, at which the government will be required to prove by clear and convincing evidence that the petitioner poses a flight risk or danger to the community.

4. No later than **September 28, 2026**, the government shall file a status report certifying compliance with this Order.

Dated this 23rd day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge